**MATERN LAW GROUP, PC**
Matthew J. MATERN (SBN 159798)
    mmatern@maternlawgroup.com
Tagore Subramaniam(SBN 280126)
    tagore@maternlawgroup.com
Daniel J. Bass (SBN 287466)
    dbass@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone:  (310) 531-1900
Facsimile:  (310) 531-1901

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD GOLDSTEIN, an individual, JOHN COVAS, an individual, and GISELA JANETTE LA BELLA, an individual, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Defendants EXXON MOBIL CORPORATION, a New Jersey corporation; PBF ENERGY INC, a Delaware corporation; TORRANCE REFINING COMPANY, LLC, a Delaware Limited Liability Company; PBF ENERGY WESTERN REGION, LLC , a Delaware Limited Liability Company; PBF HOLDING COMPANY, LLC, a Delaware Limited Liability Company; PBF ENERGY COMPANY, LLC, a Delaware Limited Liability Company; STEVEN STEACH, an individual; and DOES 1 through 100, inclusive, <br><br> Defendants | CASE NO.: 2:17-cv-02477-DSF (SKx) <br><br> **FIRST AMENDED COMPLAINT** <br><br> <u>**CLASS ACTION:**</u> <br><br> 1.  Negligence <br> 2.  Strict Liability-Ultrahazardous Activity <br> 3.  Private Nuisance (Continuing) <br> 4.  Private Nuisance (Permanent) <br> 5.  Public Nuisance (Continuing) <br> 6.  Public Nuisance (Permanent) <br> 7.  Trespass <br><br> **DEMAND FOR JURY TRIAL** |

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

1

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    PLAINTIFFS ARNOLD GOLDSTEIN, JOHN COVAS, and GISELA

2    JANETTE LA BELLA ("PLAINTIFFS") bring this class action ("Complaint")

3    against Defendants EXXON MOBIL CORPORATION ("Exxon"); PBF ENERGY

4    INC; TORRANCE REFINING COMPANY, LLC; PBF ENERGY WESTERN

5    REGION, LLC; PBF HOLDING COMPANY, LLC; PBF ENERGY COMPANY,

6    LLC (the "PBF Defendants"); STEVEN STEACH ("STEACH"); and DOES 1-100

7    (collectively "DEFENDANTS"). PLAINTIFFS aver the following upon personal

8    knowledge and information and belief based upon the investigation of counsel as to

9    all other facts alleged in the Complaint:

10    1.    This case represents an example of corporate choice to place profits

11    over public safety. It arises from the massive refinery explosion that occurred on

12    February 18, 2015 at DEFENDANTS' Torrance Refinery ("Refinery"), the

13    extensive fallout from that explosion, and the continuation of years of neglect, lax

14    oversight, and corporate indifference to necessary safety, operating standards, and

15    necessary diligence that have caused numerous fires, leaks, explosions, and other

16    releases of dangerous pollutants.

17    2.    On February 11, 2015 the Fluid Catalytic Cracking ("FCC") expander

18    at the Refinery, a unit that converts oil to gasoline by "cracking" the large oil

19    molecules apart into smaller ones began experiencing vibrations that over the

20    course of several days continued to worsen.

21    3.    On February 16, 2015 the expander vibrations exceed a specified limit

22    which caused the FCC unit to switch to a "park" mode by the preset logic controls.

23    4.    PLAINTIFFS are informed and believe that in the early morning of

24    February 18, 2015 maintenance workers who were dispatched to the FCC expander

25    became concerned due to the amount of steam coming from the FCC expander.  As

26    the concerning steam reduced, however, hydrogen sulfide alarms started, requiring

27    Refinery workers to exit the FCC unit.

28    5.    As residents and workers were finishing their morning commutes on

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

2

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

February 18, 2015 a blast which hit the Torrance area with a shockwave comparable to an earthquake, originated from the refinery's 12 story electrostatic precipitators ("ESP"). As a result, the residents, commuting workers, and business owners of the Torrance area suffered significant economic harm.

6.   The explosion released dangerous compounds into the atmosphere surrounding the City of Torrance, was not a freak accident or a chance occurrence. It was an inevitable byproduct of DEFENDANTS' willful and conscious disregard of public safety. In the aftermath of the explosion, copious evidence regarding the multiple health and safety violations at the refinery all point to one conclusion: it was only a matter of time until the poor decisions made by DEFENDANTS' officers, directors, and managing agents allowed such an incident to occur.

7.   Following the explosion California Division of Occupational Safety and Health (Cal/OSHA) ordered Defendant ExxonMobil to shut down the unit until it could demonstrate safe operation.

8.   PLAINTIFFS are informed and believe and therefore allege that DEFENDANTS were aware of safety concerns, including those of Cal/OSHA, regarding the ESP since as early as 2007, but did not act to resolve those concerns.

9.   PLAINTIFFS are informed and believe and therefore allege that DEFENDANTS were aware of safety concerns, including those of Cal/OSHA, regarding FCC unit since as early as 2006, but did not act to resolve those concerns.

10.   In addition to ignoring the dangers from lack of proper maintenance, DEFENDANTS' officers, directors, and managing agents did so while operating the refinery using a specific process that utilizes the highly toxic substance known as modified hydrofluoric acid ("MHF").

11.   Hydrofluoric acid which was previously banned in the 1990s by the Air Quality Management District ("AQMD"), until challengers overturned the ban in court.

12.   Following the general ban on hydrofluoric acid, the Refinery began

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

3

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

using a MHF substitute in its refining process.

13.    The Refinery's MHF storage tanks lies within the blast radius of the ESP that exploded on February 12, 2015.  Thousands of pounds of equipment and large pieces of debris hit the scaffolding and general area that was surrounding a tank containing a MHF. If the equipment had hit the tank it likely would have caused a catastrophic release of MHF into the surrounding neighborhood.

14.    PLAINTIFFS are informed and believe and therefore allege that just within a short 3-mile radius distance of the Refinery there are over 330,000 residents, 71 schools, and 8 hospitals.

15.    Following the February 18, 2015 explosion, the Refinery underwent repairs, but did not change its use of MHF or location of the storage tanks.

16.    On or about May 10, 2016 approximately 15 months after the February 18, 2015 explosion, the refinery began a re-start process where it would once again begin operating.   During the initial period of this restart process the refinery operated without pollution-control devices until the ESP began operation.

17.    PLAINTIFFS are informed and believe, and therefore allege, that during the time period that the Refinery began operations without pollution-control devices hundreds of pounds of excess particulate emissions were released.

18.    PLAINTIFFS are informed and believe, and therefore allege, that the restart of the Refinery was rushed so that it would be operating prior to Defendant EXXON's sale to the PBF Defendants.

19.    On or about July 1, 2016 the PBF Defendants completed the purchase of the Refinery through a subsidiary company, for a price of approximately $537.5 million, plus working capital.

20.    DEFENDANTS have and/or continue to operate the Refinery in a manner that creates a nuisance and additional pollutants, including multiple flaring events — the burning off of gas during a malfunction — that have occurred multiple times since the restart of the refinery.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

4

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

21.    Flaring events include, but are not limited to, a September 19, 2016 and an October 11, 2016 flaring event caused by power outages and a July 11, 2016 flaring event caused by a software malfunction.  PLAINTIFFS are informed and believe, and therefore allege, that these flaring events are avoidable and cause an increase in the emission of pollutants near the refinery.

22.    DEFENDANTS have and/or continue to operate the Refinery in a manner that creates ultrahazardous conditions, including continued volatile and potentially explosive processes near MHF storage tanks.

23.    Immediately following the February 18, 2015 explosion ARNOLD GOLDSTEIN watched as ash fell from the sky like snow, covering the area around him and obscuring vision on the street.  Since the time of his exposure to the fallout of the explosion ARNOLD GOLDSTEIN has developed and suffers from a persistent cough and diagnosed asthma.

24.    Immediately following the February 18, 2015 explosion GISELA JANETTE LA BELLA was jogging with her dog when the fallout and ash began to land around them both. Since the time of GISELA JANETTE LA BELLA's exposure to the fallout of the explosion she has suffered damage to her larynx, causing her great pain in her second job as a singer. Since the time of GISELA JANETTE LA BELLA's exposure to the fallout of the explosion her dog became seriously ill and required expensive veterinary intervention.

## JURISDICTION AND VENUE

25.    The District Court of the Central District of California has jurisdiction in this matter because PLAINTIFFS are residents of the State of California, and Defendant EXXON, the PBF Defendants, Defendant STEACH; and DOES 1 through 100 inclusive (collectively "DEFENDANTS"), are qualified to do business in California and regularly conduct business in California.  DEFENDANTS removed this matter from the Superior Court of the State of California under the Class Action Fairness Act and Plaintiffs did not seek remand. No federal question is at issue

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

5

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

because the claims are based solely on California law.

26.     Venue is proper in this judicial district and the County of Los Angeles, California because PLAINTIFFS, and other persons similarly situated, reside in the County of Los Angeles, DEFENDANTS maintain offices and facilities and transact business in the County of Los Angeles, and because DEFENDANTS' illegal and wrongful actions which are the subject of this action occurred to PLAINTIFFS, and other persons similarly situated, in the County of Los Angeles.

## **PLAINTIFFS**

27.     PLAINTIFF ARNOLD GOLDSTEIN, is a male resident of the State of California and the City of Torrance as well as a small business owner in Torrance who has suffered physical and economic harm as a result of DEFENDANTS' actions and inactions.

28.     PLAINTIFF JOHN COVAS, is a male resident of the State of California and the City of Torrance as well as a licensed realtor doing business in the City of Torrance who has suffered economic harm as a result of DEFENDANTS' actions and inactions.

29.     PLAINTIFF GISELA JANETTE LA BELLA, is a female resident of the State of California and is employed within the City of Torrance who has suffered physical and economic harm as a result of DEFENDANTS' actions and inactions.

30.     PLAINTIFFS bring this case as a class action on behalf of themselves and all other similarly situated individuals who reside and/or are employed within a three mile radius of the Refinery ("CLASS MEMBERS") pursuant to California Code of Civil Procedure section 382.

31.     This action is perfectly suited for class action treatment since a well-defined community of interest in the litigation exists and the class is easily ascertainable.  The aforementioned class definition identifies a group of unnamed plaintiffs by a set of shared characteristics adequate for an individual to identify

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

6

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

him or herself as a member of the group with the right to recover.  The class members may receive proper and sufficient notice directly or through publication.

32.    Commonality and Predominance: Defendants' conduct and the scope of its impact raise common issues of fact and law among all members of the class, and common questions of law or fact are substantially similar and predominate over questions that may affect only individual class members. Defendants' unreasonable repairs, operation, and maintenance of the Refinery is a common nucleus of operative fact linking every class member. Each member of the proposed class claims that Defendants negligently repaired, operated and/or maintained the Torrance Refinery, which resulted in the release of harmful pollutants, noxious odors, and excessive noise invading CLASS MEMBERS' land, causing diminished use and enjoyment of their properties, pollution of the land and air in and around CLASS MEMBERS' properties, and/or caused adverse health effect.  Additionally, DEFENDANTS have intentionally, recklessly, and/or negligently failed to abate these pollutants, noxious odors, and excessive noises. While slight variations in individual damages may occur, common questions of law and fact regarding DEFENDANTS' liability substantially predominate over any questions affecting only individual CLASS MEMBERS such that class treatment should be permitted for the fair and efficient adjudication of this controversy.

33.    Numerosity: The members of the Class are so numerous that joinder of all members would be impracticable.  PLAINTIFFS estimate, according to public information available from the City of Torrance, that the population of the City of Torrance is estimated to be approximately 150,000 with a peak day time population of over 200,000 people.  Inclusion of all residents in a 3-mile radius distance of the Refinery increases the number to approximately 330,000 residents with additional commuting employees. While the exact number of members of the Class is presently unknown to PLAINTIFFS and can only be only be determined

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

7

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

through discovery, PLAINTIFFS believe the class includes hundreds of thousands of members.

34.   Typicality: PLAINTIFFS' claims are typical of the claims of the CLASS MEMBERS. PLAINTIFFS and all putative class members were and are subject to the same unsafe conditions, pollutants, noxious odors, and excessive noise by the DEFENDANTS' refinery. DEFENDANTS' course of conduct in violation of law as alleged herein has caused PLAINTIFFS and CLASS MEMBERS to sustain the same or similar injuries and damages, including economic injuries, physical injuries, and injury to pets.

35.   Adequacy of Representation: PLAINTIFFS and all putative CLASS MEMBERS do not have any conflicts of interest with other CLASS MEMBERS due to the great degree of commonality, and will prosecute the case vigorously on behalf of the class. Counsel representing PLAINTIFFS and the class are competent and experienced in litigating large class actions. PLAINTIFFS will fairly and adequately represent and protect the interests of the CLASS MEMBERS. Thus, the named PLAINTIFFS are committed to deliver relief for the class and have retained experienced class action counsel.

36.   Superiority of class action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each class member has been damaged and is entitled to recovery as a direct result of DEFENDANTS' conduct with respect to the unsafe conditions, pollutants, noxious odors, and excessive noise by the DEFENDANTS' refinery. Moreover, the complexity of this litigation and potential of recovery for individuals renders separate adjudication impracticable. Thus, class action treatment provides optimal resolution of all the class members claims in a manner most efficient and economical for both the parties and the judicial system.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

8

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**DEFENDANTS**

37.   PLAINTIFFS are informed and believe, and thereon alleges, that DEFENDANT EXXON MOBIL CORPORATION is, and at all times relevant hereto was, a New Jersey corporation organized and existing under the laws of the State of New Jersey.  PLAINTIFFS are further informed and believe, and thereon alleges, that DEFENDANT EXXON MOBIL CORPORATION is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT EXXON MOBIL CORPORATION maintains offices and facilities and conducts business in, and engages in illegal practices in the County of Los Angeles, State of California.

38.   PLAINTIFFS are informed and believe, and thereon alleges, that DEFENDANT PBF ENERGY, INC. is, and at all times relevant hereto was, a Delaware corporation organized and existing under the laws of the State of Delaware.  PLAINTIFFS are further informed and believe, and thereon alleges, that DEFENDANT PBF ENERGY, INC. is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT PBF ENERGY, INC. maintains offices and facilities and conducts business in, and engages in illegal practices in the County of Los Angeles, State of California.

39.   PLAINTIFFS are informed and believe, and thereon alleges, that DEFENDANT TORRANCE REFINING COMPANY, LLC is, and at all times relevant hereto was, a Delaware Limited Liability Company organized and existing under the laws of the State of Delaware.  PLAINTIFFS are further informed and believe, and thereon alleges, that DEFENDANT TORRANCE REFINING COMPANY, LLC is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT TORRANCE REFINING COMPANY, LLC maintains offices and facilities and conducts business in, and engages in illegal practices in the County of Los Angeles,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

9

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

State of California.

40.    PLAINTIFFS are informed and believe, and thereon alleges, that DEFENDANT PBF HOLDING COMPANY, LLC is, and at all times relevant hereto was, a Delaware Limited Liability Company organized and existing under the laws of the State of Delaware.  PLAINTIFFS are further informed and believe, and thereon alleges, that DEFENDANT PBF HOLDING COMPANY, LLC is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT PBF HOLDING COMPANY, LLC maintains offices and facilities and conducts business in, and engages in illegal practices in the County of Los Angeles, State of California.

41.    PLAINTIFFS are informed and believe, and thereon alleges, that DEFENDANT PBF ENERGY COMPANY, LLC is, and at all times relevant hereto was, a Delaware Limited Liability Company organized and existing under the laws of the State of Delaware.  PLAINTIFFS are further informed and believe, and thereon alleges, that DEFENDANT PBF ENERGY COMPANY, LLC is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT PBF ENERGY COMPANY, LLC maintains offices and facilities and conducts business in, and engages in illegal practices in the County of Los Angeles, State of California.

42.    PLAINTIFFS are informed and believe, and thereon alleges, that DEFENDANT STEVEN STEACH is, and at all times relevant hereto was, a resident and citizen of the State of California and the County of Los Angeles.

43.    The true names and capacities of DOES 1 through 10, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names.  PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

10

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

the conduct of such DOE Defendants.  PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

44.     PLAINTIFFS are informed and believe, and thereon allege, each of the DEFENDANTS were the agent, servant, employee, partner, aider and abettor, co-conspirator, joint venturer, predecessor and/or successor in interest of each of the remaining DEFENDANTS named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy, alter ego, joint venture, predecessor and/or successor relationship. Each of the DEFENDANTS has rendered substantial assistance and encouragement to the other DEFENDANTS, knowing that their conduct was wrongful and/or unlawful, and each of the DEFENDANTS has ratified and approved of the acts of each of the remaining DEFENDANTS.

45.     PLAINTIFFS are informed and believe, and thereon allege, that as of December 18, 2012, PBF ENERGY, INC. completed an initial public offering and that as a result of that public offering and related organization transactions, became the sole managing member of PBF ENERGY COMPANY, LLC and operates and controls all of its business and affairs.  Further, PLAINTIFFS are informed and believe, and thereon allege, that PBF ENERGY, INC. jointly prepares and files consolidated financial reports with PBF ENERGY COMPANY, LLC and its subsidiaries, including PBF HOLDING COMPANY, LLC.

46.     PLAINTIFFS are informed and believe, and thereon allege, that on September 29, 2015, PBF HOLDING COMPANY, LLC entered into a definitive Sale and Purchase Agreement with ExxonMobil Oil Corporation.

47.     PLAINTIFFS are informed and believe, and thereon allege, that on July 1, 2016, PBF HOLDING COMPANY, LLC acquired from ExxonMobil Oil Corporation and its subsidiary, Mobil Pacific Pipe Line Company, the Torrance refinery and related logistics assets (collectively, the "Torrance Acquisition").

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

11

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

Subsequent to the closing of the Torrance Acquisition, TORRANCE REFINING COMPANY LLC became a wholly-owned subsidiary of PBF HOLDING COMPANY, LLC. The aggregate purchase price for the Torrance Acquisition was approximately $521.4 million in cash after post-closing purchase price adjustments, plus final working capital of $450.6 million

48.   PLAINTIFFS are informed and believe, and thereon allege that PBF HOLDING COMPANY, LLC with its consolidated subsidiaries, owns and operates oil refineries and related facilities in North America. PBF HOLDING COMPANY, LLC is a wholly-owned subsidiary of PBF ENERGY COMPANY, LLC. As of March 31, 2017, PBF ENERGY, INC is the sole managing member of PBF ENERGY COMPANY, LLC, and owns an equity interest of approximately 96.6%. PBF WESTERN REGION LLC and TORRANCE REFINING COMPANY LLC are PBF ENERGY COMPANY, LLC's principal operating subsidiaries and are all wholly-owned subsidiaries of PBF ENERGY, INC.

49.   PLAINTIFFS are informed and believe, and thereon allege that in connection with the acquisition of the Torrance refinery and related logistics assets, PBF HOLDING COMPANY, LLC, ,  assumed certain pre-existing environmental liabilities   totaling $140,417,000 as   of March 31,   2017 ($142,456,000 as   of December 31, 2016), related to certain environmental remediation obligations to address existing soil and groundwater contamination and monitoring and other clean-up activities. PBF HOLDING COMPANY, LLC assumed responsibility for certain specified environmental matters that occurred prior to the HOLDING COMPANY, LLC's ownership of the several Notices of Violations issued by the Southern California Air Quality Management District ("SCAQMD") in various years before the acquisition.

50.   PLAINTIFFS are informed and believe, and thereon allege, that n connection with the acquisition of the Torrance refinery, PBF HOLDING COMPANY, LLC i purchased a ten year, $100,000,000 environmental insurance

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

12

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

policy to insure itself against unknown environmental liabilities.

51.    PLAINTIFFS are informed and believe, and thereon allege, that subsequent to the acquisition, PBF HOLDING COMPANY, LLC, along with its consolidated subsidiaries, received further Notices of Violation from the SCAQMD as well as from the City of Torrance and the City of Torrance Fire Department related to operational violations, emission discharges and flaring incidents at the refinery because it bears responsibility for those violations

52.    PLAINTIFFS are informed and believe, and thereon allege, that the PBF Defendants prepare consolidated filings for the United States Securities and Exchange Commission under the titular name of either PBF HOLDING COMPANY, LLC or PBE ENERGY, INC utilizing the comingled funds and staff for creation of the necessary reports and filings.

53.    PLAINTIFFS are informed and believe, and thereon allege, that the PBF Defendants also share and/or have shared the same offices, officers and employees, including but not limited to Erik Young, the current or former Senior Vice President and Chief Financial Officer of the PBF Defendants, and Trecia Canty, the current or former Senior Vice President, General Counsel and Secretary for the PBF Defendants.  Similarly, Jeffrey Dill served as the Senior Vice President, General Counsel and Secretary for the PPBF Defendants from May 2010 to September 2015 and from March 2008 to May 2009 prior to being placed in his current title as President for PBF Energy Western Region, LLC.

54.    PLAINTIFFS are informed and believe, and thereon allege, that each of the Defendants is responsible for contamination to the soil and groundwater for the surrounding area.

55.    PLAINTIFFS are informed and believe, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

13

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

56. As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, from injuries to themselves and/or to personal property in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION DESIGNATION

57. This action is appropriately suited for a Class Action because:

a. The potential class is a significant number. Joinder of all effected persons individually would be impractical.

b. This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of improper maintenance, practices and policies, which effected.

c. The claims of PLAINTIFFS are typical of the class because DEFENDANTS subjected all residents and commuting employees within 3 miles to identical exposure to toxic substances.

d. PLAINTIFFS are able to fairly and adequately protect the interests of all members of the class because it is in their best interests to prosecute the claims alleged herein to obtain greatest award possible.

## FIRST CAUSE OF ACTION

### Negligence

### (Against all DEFENDANTS)

58. PLAINTIFFS incorporates and re-alleges, as though fully set forth above, each of the preceding paragraphs.

59. PLAINTIFFS are informed and believe, and thereon allege, that at the time of the explosion, Defendant Exxon owned, operated, controlled, managed, and/or maintained the Torrance Refinery, as described above.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

14

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

60.     PLAINTIFFS are informed and believe, and thereon allege, that shortly following the restart of the Refinery, Defendant PBF owned, operated, controlled, managed, and/or maintained the Torrance Refinery, as described above.

61.     At all relevant times, DEFENDANTS were required to exercise the utmost care and diligence in the ownership, operation, management, supervision, inspection, maintenance, repair, and/or control of the Refinery, so as to not cause harm to public property, the environment, public resources, public health, and/or the comfortable use and enjoyment of life and liberty by the public.

62.     At all relevant times, DEFENDANTS failed to exercise care in its ownership, operation, management, supervision, inspection, maintenance, repair, and/or control of the Refinery, including, but not limited to, failing to properly inspect and replace equipment, continued use of dangerous MHF near volatile processing units, and failing to comply with applicable safety standards.

63.     As further direct and legal result of the aforesaid premises, Plaintiffs have suffered damages, including but not limited to costs for emergency response, clean up of debris, medical bills, and loss of use and enjoyment of property in an amount, according to proof at trial, beyond the jurisdictional minimum of this Court.

64.     As a further direct and legal result of the aforesaid allegations, PLAINTIFFS' property has suffered a loss of its fair market property values as a result of the February 18, 2015 explosion and the continued release of toxins and noise into the atmosphere throughout the operation of the Refinery.

65.     As a further direct and legal result of the aforesaid allegations, PLAINTIFFS have suffered damage to environmental resources.

66.     As a further direct and legal result of the aforesaid allegations, PLAINTIFFS have suffered harm to the public health, obstruction of the free passage and use of property of public property, and/or the interference with the comfortable enjoyment of life or property.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

15

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

67.     PLAINTIFFS did not consent to DEFENDANTS' conduct, which required and continues to require the public to shelter-in-place for extended periods to avoid immediate harm and has created long-lasting, continuing, and/or permanent harm to public health, the environment, and property valuations.

68.     The wrongful acts of DEFENDANTS were done maliciously, oppressively, fraudulently, and in conscious disregard of the safety and health of the community.  PLAINTIFFS are entitled to punitive and exemplary damages in an amount to be ascertained according the proof, which is appropriate to punish or set an example of Defendant and deter such behavior.

69.     As a direct and legal cause of the wrongful acts herein set forth, PLAINTIFFS suffered damages as described above pursuant to paragraphs 1 through 46.

## SECOND CAUSE OF ACTION

### Strict Liability – Ultrahazardous Activity

### (Against all DEFENDANTS)

70.     PLAINTIFFS incorporates and re-alleges, as though fully set forth above, each of the preceding paragraphs.

71.     At all times relevant herein, DEFENDANTS' activities in operating, controlling, managing, and/or maintaining the Refinery constitutes an ultrahazardous and abnormally dangerous activity, as maintenance of an outdated Refinery, particularly one using MHF, in a densely populated area poses serious risk of harm, regardless of the amount of care exercised.

72.     As alleged herein, PLAINTIFFS were seriously harmed which was a direct result of DEFENDANTS' ultrahazardous activities in operating and maintaining the Refinery.

73.     PLAINTIFFS' harm, as outlined above, was the kind of harm that would be anticipated as a result of the risk created by DEFENDANTS' abnormally dangerous activities, i.e., maintenance of an oil refinery, especially an old,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

16

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

dangerous, and poorly maintained refinery using MHF, in a densely populated area.

74.    DEFENDANTS' ultrahazardous activities resulted in an explosion that emitted debris, ash, toxins, smoke, and other dangerous chemicals into the air, and was therefore a substantial factor causing PLAINTIFFS' harm.

75.    As a direct and legal cause of the wrongful acts herein set forth, PLAINTIFFS suffered damages as described above in the preceding paragraphs.

### THIRD CAUSE OF ACTION

### Private Nuisance - Continuing

### (Against all DEFENDANTS)

76.    PLAINTIFFS incorporates and re-alleges, as though fully set forth above, each of the preceding paragraphs.

77.    PLAINTIFFS owned, leased, occupied, and/or controlled property at or near the Refinery.  PLAINTIFFS have the inalienable right to own, enjoy, and use its property without interference by DEFENDANTS' conduct.

78.    PLAINTIFFS continue to own, lease, occupy, and/or controlled property at or near the Refinery.  PLAINTIFFS have the inalienable right to own, enjoy, and use its property without interference by DEFENDANTS' conduct.

79.    DEFENDANTS by reason of their failure to exercise care in their operation and maintenance of the refinery, created a condition that harmed PLAINTIFFS and interfered with PLAINTIFFS' free use and enjoyment of its land, as Plaintiff, along with numerous other neighbors, have suffered the loss of the use and enjoyment of its property, in the form of damage to buildings and personal property and/or a significant decrease in the value of the property, and/or exposure to an array of toxic substances on the land, and/or a lingering malicious odor, noise, soot, ash, and dust in the air.

80.    An ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the conditions created by DEFENDANTS.

81.    PLAINTIFFS did not consent to the DEFENDANTS' conduct. To the

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

17

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

extent PLAINTIFFS gave any express or implied permission for the maintenance of an oil refinery near their property, such permission extended only to a properly maintained, up-to-date, and safe refinery, and DEFENDANTS exceeded the scope of any such consent by operating a poorly maintained, dangerous, aging, and ultimately faulty refinery near the PLAINTIFFS.

82.     The aforementioned conduct of Defendant constitutes a nuisance within the meaning of section 3479 of the Civil Code in that it is injurious and/or offensive to the sense of the Plaintiff and/or the unreasonably interferes with the conformable enjoyment of its property and/or unlawfully obstructs the free use, in the customary manner, of PLAINTIFFS' property.

83.     The seriousness of the injuries to PLAINTIFFS outweighs the social utility of DEFENDANTS' conduct, as DEFENDANTS could have taken steps to prevent the harm while still refining oil.

84.     As a direct and legal cause of the wrongful acts herein set forth, PLAINTIFFS suffered damages as described above in the preceding paragraphs.

## FOURTH CAUSE OF ACTION

### Private Nuisance Permanent

### (Against all DEFENDANTS)

85.     PLAINTIFFS incorporates and re-alleges, as though fully set forth above, each of the preceding paragraphs.

86.     PLAINTIFFS owned, leased, occupied, and or controlled the property.

87.     DEFENDANTS by reason of their failure to exercise care in its operation and maintenance of the refinery, creates a condition that permanently harmed PLAINTIFFS and interfered with PLAINTIFFS' free use and enjoyment of their land, as PLAINTIFFS, along with numerous other neighbors, have suffered the loss of the use and enjoyment of their property, in the form of damage to buildings and personal property and/or a significant decrease in the value of the property, and/or exposure to an array of toxic substances on the land, and/or a

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

18

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

lingering malicious odor, noise, soot, ash, and dust in the air.

88.     An ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the conditions created by DEFENDANTS.

89.     PLAINTIFFS did not consent to the DEFENDANTS' conduct, which was a substantial factor in causing PLAINTIFFS' harm.

90.     The seriousness of the harm to PLAINTIFFS outweighs the public benefit of DEFENDANTS' conduct.

91.     As a direct and legal cause of the wrongful acts herein set forth, PLAINTIFFS suffered damages as described above in the preceding paragraphs.

## FIFTH CAUSE OF ACTION
### Public Nuisance - Continuing
### (Against all DEFENDANTS)

92.     PLAINTIFFS incorporates and re-alleges, as though fully set forth above, each of the preceding paragraphs.

93.     DEFENDANTS by reason of their failure to exercise care in operation and maintenance of the Refinery, created a condition that harmed the public and interfered with the public's free use and enjoyment of public land, as PLAINTIFFS, along with numerous residents and surrounding neighbors, have suffered the loss of the use and enjoyment of their property, in the form of damage to buildings and personal property and/or a significant decrease in the value of the property, and/or exposure to an array of toxic substances on the land, and/or a lingering malicious odor, noise, soot, ash, and dust in the air.

94.     An ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the conditions created by DEFENDANTS.

95.     The conditions affected a substantial number of people at the same time.

96.     The seriousness of the harm outweighs the social utility of DEFENDANTS' conduct.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

19

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

97.   PLAINTIFFS did not consent to DEFENDANTS' conduct.

98.   As direct and legal cause of the wrongful acts herein set forth, PLAINTIFF suffered damages as described above in the preceding paragraphs.

## SIXTH CAUSE OF ACTION

### Public Nuisance – Permanent

### (Against all DEFENDANTS)

99.   PLAINTIFF PLAINTIFFS incorporates and re-alleges, as though fully set forth above, each of the preceding paragraphs.

100.   DEFENDANTS by reason of their failure to exercise care in operation and maintenance of the Refinery, created a condition that harmed the public and interfered with the public's free use and enjoyment of public land, as PLAINTIFFS, along with numerous residents and surrounding neighbors, have suffered the loss of the use and enjoyment of their property, in the form of damage to buildings and personal property and/or a significant decrease in the value of the property, and/or exposure to an array of toxic substances on the land, and/or a lingering malicious odor, noise, soot, ash, and dust in the air.

101.   An ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the conditions created by DEFENDANTS.

102.   The conditions affected a substantial number of people at the same time.

103.   The seriousness of the harm outweighs the social utility of DEFENDANTS' conduct.

104.   PLAINTIFFS did not consent to DEFENDANTS' conduct.

105.   As direct and legal cause of the wrongful acts herein set forth, PLAINTIFF suffered damages as described above in the preceding paragraphs.

/ /

/ /

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

20

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

## SEVENTH CAUSE OF ACTION

### Trespass

### (Against all DEFENDANTS)

106.   PLAINTIFFS incorporate and re-allege, as though fully set forth above, each of the preceding paragraphs.

107.   DEFENDANTS were engaged in an extrahazardous activity and/or intentionally, recklessly, and/or negligently caused an array of toxic substances, a lingering malicious odor, noise, soot, ash, and/or dust to enter PLAINTIFFS' property.

108.   PLAINTIFFS did not give permission for this direct and/or indirect entry.

109.   PLAINTIFFS, along with numerous residents and surrounding neighbors, have been harmed by DEFENDANTS' conduct, as PLAINTIFFS' have suffered the loss of the use and enjoyment of their property, in the form of damage to buildings and personal property and/or a significant decrease in the value of the property, and/or exposure to an array of toxic substances on the land, and/or a lingering malicious odor, noise, soot, ash, and dust in the air.

110.   An ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the conditions created by DEFENDANTS.

111.   As direct and legal cause of the wrongful acts herein set forth, PLAINTIFF suffered damages as described above in the preceding paragraphs.

### PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFFS, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 100, inclusive, and each of them, as follows:

1.      For compensatory damages in an amount to be ascertained at trial;

2.      For economic damages due to emergency response and permitting costs according to proof;

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

21

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

3.      For past and future damages related to environmental remediation and incidental costs according to proof;

4.      For diminution in property value according to proof;

5.      For damages related to harm to public health, obstruction of the free passage and use of property of public property, and/or the interference with the comfortable enjoyment of life or property according to proof;

6.      For pre- and post-judgment interest on all damages as allowed by the law;

7.      For attorneys and expert /consultant fees under existing law;

8.      For punitive damages in an amount according to proof or taking some measure to ensure that an example is made of DEFENDANTS to deter similar future conduct;

9.      For costs of suit incurred herein; and

10.     For such other and future relief as the Court may deem just and proper.

DATED: July 3, 2017                    Respectfully submitted,

                                       **MATERN LAW GROUP, PC**


                              By:   /s/ Matthew J. Matern
                                    Matthew J. Matern
                                    Tagore Subramaniam
                                    Daniel J. Bass
                                    Attorneys for Plaintiffs ARNOLD
                                    GOLDSTEIN, JOHN COVAS, and
                                    GISELA JANETTE LA BELLA,
                                    individually, and on behalf of others
                                    similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

22

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      PLAINTIFFS hereby demand a jury trial with respect to all issues triable of

3  right by jury.

4

5   DATED: July 3, 2017                    Respectfully submitted,

6                                          **MATERN LAW GROUP, PC**

7                                  By:  /s/ Matthew J. Matern

8                                       Matthew J. Matern
                                        Tagore Subramaniam
9                                       Daniel J. Bass
                                        Attorneys   for   Plaintiffs   ARNOLD
10                                      GOLDSTEIN,   JOHN   COVAS,   and
                                        GISELA   JANETTE   LA   BELLA,
11                                      individually,  and  on  behalf  of  others
                                        similarly situated
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

23

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT