MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
JOSHUA D. BOXER (SBN 226712)
jboxer@maternlawgroup.com
TAGORE O. SUBRAMANIAM (SBN 280126)
tagore@maternlawgroup.com
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Tel:   (310) 531-1900
Fax:   (310) 531-1901

MATTHEW K. EDLING (SBN 250940)
matt@sheredling.com
ADAM M SHAPIRO (SBN 267429)
adam@sheredling.com
STEPHANIE BIEHL (SBN 306777)
stephanie@sheredling.com
**SHER EDLING LLP**
100 Montgomery St., Suite 1410
San Francisco, CA 94104
Tel:   (628) 231-2500
Fax:   (628) 231-2929

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD GOLDSTEIN, et al., | Case No. 2:17-cv-02477-DSF (SKx) |
| Plaintiffs, | **PLAINTIFF'S UNOPPOSED NOTICE OF MOTION AND MOTION FOR APPROVAL OF CLASS NOTICE** |
| v. | |
| EXXON MOBIL CORPORATION, et al., | Judge:  Dale S. Fischer |
| Defendants. | DATE:      June 29, 2020<br>TIME:      1:30 p.m.<br>CRTM:      7D |
| | Date of Removal:  March 30, 2017<br>Second Amended Complaint filed: July 9, 2018 |
| | *[Filed concurrently with [Proposed] Order]* |

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE on that on June 29, 2020 at 1:30 p.m. or as soon thereafter as the matter can be heard in Courtroom 7D of the United States District Court for the Central District of California located at 350 West 1st Street, Los Angeles, CA 90012, Plaintiff Hany Youseff ("Plaintiff") will and hereby does move the Court for entry of an order approving the Notice of Certified Class Action ("Class Notice") and proposed plan for distributing the Class Notice to the Class Members ("Distribution Plan").

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 28, 2020. The Parties have met and conferred and agree regarding the language of the Class Notice and the Distribution Plan. Defendants Torrance Refining Company LLC and Exxon Mobil Corporation have reviewed this motion and have indicated that they will not oppose it.

This motion is made on the grounds that the Class Notice and Distribution Plan meet the requirements of Federal Rule of Civil Procedure 23 and constitutional due process, as the Class Notice clearly and concisely apprises the Class Members of their legal rights and is the best practicable notice under the circumstances.

This motion is based on this notice of motion, the accompanying memorandum and points of authorities, the records, pleadings, and papers filed in this action, and any other documentary and oral evidence or argument that may be presented at the hearing on the motion.

///

1

2

3      DATED: May 28, 2020          Respectfully,

4                                    **SHER EDLING LLP**

5                           By:    */s/ Adam M. Shapiro*
                                   Matthew K. Edling
6                                  Adam M Shapiro
                                   Stephanie D. Biehl
7
                                   MATERN LAW GROUP, PC
8                                  Matthew J. Matern
                                   Joshua D. Boxer
9                                  Tagore O. Subramaniam

10                                 *Attorneys for the Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHER
EDLING LLP

**PLAINTIFF'S UNOPPOSED NOTICE OF MOTION AND MOTION FOR APPROVAL OF CLASS NOTICE;**   ii
**CASE NO. 2:17-CV-02477-DSF (SKX)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................1

II.  STATEMENT OF RELEVANT FACTS ..............................................1

III. ARGUMENT.........................................................................................3

    A.   The Class Notice Clearly and Fairly Apprises Class Members of the Nature of this Class Action and the Scope of Their Rights. ......................3

    B.   The Proposed Distribution Plan of Individual Notice by Mail Is Reasonable and Should Be Approved. .......................................................4

    C.   It Is Unnecessary to Provide Notice to the Air Subclass ..........................6

IV. CONCLUSION .......................................................................................7

SHER
EDLING LLP

**PLAINTIFF'S UNOPPOSED NOTICE OF MOTION AND MOTION FOR APPROVAL OF CLASS NOTICE;**
**CASE NO. 2:17-CV-02477-DSF (SKx)**

iii

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 23(c)(2), Hany Youssef ("Plaintiff") moves the Court for entry of an order approving the Notice of Certified Class Action ("Class Notice") and proposed plan for distributing the Class Notice to ("Distribution Plan"). The Parties have met and conferred and agree regarding the language of the Class Notice and the Distribution Plan, and Defendants Torrance Refining Company LLC and Exxon Mobil Corporation have stated they will not oppose this motion.[1] Shapiro Decl. ¶ 2. In its Order Granting in Part Plaintiffs' Renewed Motion for Class Certification, the Court certified a Ground Subclass under Federal Rule of Civil Procedure 23(b)(3) and an Air Subclass under Rule 23(b)(2). (Dkt. No. 206). The Class Notice and Distribution Plan provide notice to the Ground Subclass. Because the Air Subclass was certified under Rule 23(b)(2), absent members of that subclass need not receive notice. The Class Notice and Distribution Plan meet the requirements of Federal Rule of Civil Procedure 23 and constitutional due process, as the Class Notice clearly and concisely apprises the Class Members of their legal rights and is the best practicable notice under the circumstances, and should therefore be approved.

## II.   STATEMENT OF RELEVANT FACTS

On February 17, 2017, Plaintiff filed this putative class action. Following discovery and investigation, Plaintiffs moved this Court for Class Certification, and subsequently renewed this Motion for Class Certification.

On October 15, 2019, this Court granted Plaintiffs' Renewed Motion for Class Certification, (Dkt. No. 206), certifying the following classes under Rule 23(c)(4):

- The "Ground Subclass" Subclass, with respect to its claims
  for trespass only, which consists of "Persons who currently

---

[1] The proposed Class Notice is **Exhibit 1** to the Declaration of Adam M. Shapiro in Support of Plaintiffs' Motion for Approval of Class Action Notice ("Shapiro Decl.").

own real property within the boundaries of Zones A, B, and C of the plume maps attached to the declaration of W. Richard Laton (Dkt. 191- 5, ECF pp. 24-25 (Laton Decl. Exs. 11a-b)), and who occupy or have a possessory interest in that property."

- The "Air" Subclass, with respect to its claims for public and private nuisance only and against TRC only, which consists of Persons who currently own or lease real property within the boundaries of the Contaminated Area, and who currently occupy said property. The term "Contaminated Area" shall mean locations where air emissions currently exceed safe levels or that are known to register as malodorous, which locations shall be identified in a corrected declaration by James Clark."

Following additional expert work, and extensive meet and confer efforts, the Parties now agree on the proposed Class Notice and Distribution Plan.

The proposed Notice apprises the Ground Subclass of their rights and how their rights may be exercised. Specifically, the Notice informs the Ground Subclass of: (1) the persons that qualify as a member of the Ground Subclass; (2) the claims at issue in the lawsuit; (2) the relief sought, (3) the consequences of remaining in the class, (4) how to be excluded from the class, and the consequences of being excluded, and (5) how to obtain additional information. Shapiro Decl. ¶ 2, Ex. 1.

Plaintiff has retained a class action administrator, Rust Consulting, for the purpose of class notice distribution in this case. Shapiro Decl. ¶ 3. Rust Consulting has substantial experience in class action claims administration and has successfully administered thousands of such cases. *Id.* Within 30 days of approval of the instant Motion, Rust Consulting will mail the Notice directly to addresses falling within the Ground Subclass area, as that area is described in the Declaration of W. Richard Laton

1    submitted in support of Plaintiff's Renewed Motion for Class Certification. *Id.* ¶ 4.

2    Approximately 100 properties fall within the class area. *Id.* Class members can opt out

3    of the class by mailing their request to Rust Consulting within sixty (60) days after the

4    Notice is has been sent. Shapiro Decl. ¶ 5, Ex. 1 at 4. Additionally, Rust Consulting

5    will establish a class website, which will include information and documents including

6    the Class Notice, the operative complaint, Defendants' Answer, and the Class

7    Certification Order. Shapiro Decl. ¶ 5.

8    **III.   ARGUMENT**

9    **A.    The Class Notice Clearly and Fairly Apprises Class Members of
10          the Nature of this Class Action and the Scope of Their Rights.**

11   Because class members are bound by the results of a Rule 23(b)(3) class action

12   unless they affirmatively opt out, class notice is required as a matter of constitutional

13   due process in the Rule 23(b)(3) context. *Phillips Petroleum Co. v. Shutts,* 472 U.S.

14   797, 812 (1985), *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173-74 (1974).  To

15   meet the requirements of Federal Rule of Civil Procedure 23, the class notice should

16   clearly and fairly apprise class members of the nature of the class action and the

17   scope of their rights.  Pursuant to Rule 23(c)(2)(B), the class notice "must clearly

18   and concisely state in plain, easily understood language" the following information:

19

20   (i) the nature of the action; (ii) the definition of the class certified; (iii)
     the class claims, issues, or defenses; (iv) that a class member may enter
21   an appearance through an attorney if the member so desires; (v) that the
     court will exclude from the class any member who requests exclusion;
22   (vi) the time and manner for requesting exclusion; and (vii) the binding
23   effect of a class judgment on members under Rule 23(c)(3).

24   Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

25   The content of a notice is satisfactory if it generally describes the terms of the

26   case "'in sufficient detail to alert those with adverse viewpoints to investigate and to

27   come forward and be heard.'"  *Churchill Vill. LLC v. GE,* 361 F.3d 566, 575 (9th

28   Cir. 2004); *see also Tierno v. Rite Aid Corp.,* No. C05-02520 TEH, 2007 WL

4166028, at *1 (N.D. Cal. Nov. 16, 2007) ("A class notice must only have 'information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt-out or remain a member of the class.'").

Here, the proposed Class Notice meets the requirements of Rule 23(c)(2)(B), as it clearly and concisely states the nature of the action, Plaintiff's allegations, and Defendants' defenses thereto. *See* Shapiro Decl. Ex. 1. The Class Notice lists each of the subclasses certified by the Court. *Id.* The Class Notice also explains what the Class Members' legal rights and options are in the lawsuit, what a class action is, and the binding nature of all Court orders and judgments in the action. *Id.* Finally, the Class Notice clearly explains how to request exclusion from the action and the deadline for doing so. *Id.* Accordingly, the Class Notice meets the requirements of Rule 23 and constitutional due process and should therefore be approved.

## B. The Proposed Distribution Plan of Individual Notice by Mail Is Reasonable and Should Be Approved.

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B),

[T]he court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means.

Fed. R. Civ. P. 23(c)(2)(B). *See also* 3 Newberg on Class Actions § 8:3 at 171 ("when the names and addresses of . . . class members were available from the defendants' records, and where there is no evidence to show that notice could not be mailed to each class member, individual notice is clearly the best notice practicable within the meaning of Rule 23(c)(2) and prior Supreme Court precedent").

Here, the contact information for the Class Members can be readily identified based on their home addresses falling within the geographic boundaries of the certified class as certified by this Court. Since membership in the class is predicated

on the address and physical location of the members' properties, this form of notice is superior to the alternatives and there is no need to identify the names of the class members. Rust Consulting, the claims administrator, will mail the Notice within 30 days of this Court's order approving the Notice and Distribution Plan.

Additionally, the Rust Consulting will establish a class website, which will include information and documents including the Class Notice, the operative complaint, Defendants' Answer, and the Class Certification Order.

Class Members can request exclusion from the action by submitting a written request stating that the Class Member wishes to be excluded from the class. Pursuant to the Class Notice, the written request must include the individual's full name, address, and provide a statement, such as, "I wish to be excluded from the Class" and the name of the lawsuit, *Goldstein v. ExxonMobil Corporation, Case No. 2:17-cv-02477-DSF-SK*." Further, the request must be signed by the Class Member. *See* Shapiro Decl. Ex. 1.

This manner of requesting exclusion satisfies the requirements of Rule 23 and due process. *See Makaeff v. Trump Univ., LLC*, No. 10-CV-0940-GPC-WVG, 2015 WL 5638192, at *5 (S.D. Cal. Sept. 21, 2015); *see also Patton v. Dollar Tree Stores, Inc.*, No. CV1503813MWFPJWX, 2017 WL 8233883, at *3 (C.D. Cal. Apr. 5, 2017).

Class Members shall have 60 days to request exclusion from the class ("Response Deadline"). Shapiro Decl. ¶ 5, Ex. 1. A 60-day opt-out period provides sufficient time for Class Members to decide whether to request exclusion, satisfies due process, and is consistent with timelines approved by other courts. *See Pierce v. Novastar Mortg., Inc.,* No. C05-5835RJB, 2007 WL 1046914, at *2 (W.D. Wash. Apr. 2, 2007) (holding that 30 days is a sufficient opt-out period when class members are not required to file claims, litigation is no more complex than a typical class action, and class members receive individual notice by mail); *Makaeff*, 2015 WL 5638192, at *7 (holding that the deadline for exclusion from the class shall be 45

1    days after the notice date); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc., No.* CV13-

2    5693 PSG (GJSX), 2016 WL 6953462, at *4 (C.D. Cal. June 16, 2016) (finding that

3    opt-out period which concluded 60 days after mailing of the notice and 39 days after

4    first publication of the notice would "give[] Class members sufficient time to

5    consider their options and is consistent with timelines approved by other district

6    courts in this circuit"); *Stuart v. State Farm Fire & Cas. Co.,* No. 4:14-CV-4001,

7    2019 WL 2427956, at *7 (W.D. Ark. June 10, 2019) ("The sixty day opt-out period

8    in the proposed Class Notice Plan provides enough time for class members to decide

9    whether to opt out of the class.").

10       The list of Class Members who requested exclusion from the action shall be

11   filed with the Court within 30 days of the Response Deadline.  Shapiro Decl. ¶ 5.

12   Plaintiff shall bear the cost of mailing of the Class Notice. *Id. ¶* 4.

13       Accordingly, the proposed Distribution Plan is the best practicable notice

14   under the circumstances and should therefore be approved.

15       **C.   It Is Unnecessary to Provide Notice to the Air Subclass**

16       The Air Subclass need not receive notice because it was certified under Rule

17   23(b)(2). Unlike classes certified under Rule 23(b)(3), members of a Rule 23(b)(2)

18   class do not have the right to opt-out. *Ticor Title Ins. Co. v. Brown*, 511 U.S. 117,

19   121, (1994).  Under Rule 23(c)(2)(A), notice for a Rule 23(b)(2) is discretionary.

20   *Molski v. Gleich*, 318 F.3d 937, 952 (9th Cir. 2003), overruled on other grounds by

21   *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010). "'Because of the

22   common interests of all its members, a Rule 23(b)(2) class seeking declaratory and

23   injunctive relief is cohesive by nature, and notice to a representative class

24   membership may be considered sufficient.'" *Garcia v. Los Angeles Cty. Sheriff's

25   Dep't*, No. CV 09-8943 MMM (SHX), 2015 WL 13646906, at *7 (C.D. Cal. Sept.

26   14, 2015), quoting *Handschu v. Special Servs. Div.*, 787 F.2d 828, 833 (2d Cir.

27   1986). Accordingly, courts routinely certify Rule (b)(2) classes without requiring

28   notice to absent class members. *See Martinez v. Hammer Corp.*, No.

1   CV0906135MMMAGRX, 2010 WL 11520538, at *2 (C.D. Cal. July 30, 2010)

2   (collecting cases). Consistent with Rule 23(c)(2)(A), the Court should not include

3   any notice requirements for the absent members of the Air Subclass.

4   **IV.   CONCLUSION**

5           Based on the foregoing argument and authority, Plaintiff respectfully requests

6   that the Court approve the proposed Class Notice, and order that the Class Notice be

7   disseminated pursuant to the terms of the proposed Distribution Plan.

8

9

10   DATED: May 28, 2020                    Respectfully,

11                                          **SHER EDLING LLP**

12                          By:   */s/ Adam M. Shapiro*

13                                Matthew K. Edling
                                  Adam M Shapiro
14                                Stephanie D. Biehl

15                                MATERN LAW GROUP, PC
                                  Matthew J. Matern
16                                Joshua D. Boxer
                                  Tagore O. Subramaniam
17
                                  *Attorneys for the Plaintiffs*
18

19

20

21

22

23

24

25

26

27

28