Name Joshua D. Boxer (SBN 226712)
Address 1230 Rosecrans Avenue, Suite 200
City, State, Zip Manhattan Beach, CA 90266
Phone (310) 531-1900
Fax (310) 531-1901
E-Mail jboxer@maternlawgroup.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ARNOLD GOLDSTEIN, et al.,

PLAINTIFF(S),

v.

EXXON MOBIL CORPORATION, et al.

DEFENDANT(S).

CASE NUMBER:

2:17-cv-02477-DSF (SKx)

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _____Jose Navarro_____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   Order Granting Defendants' Motion for Judgment on the Pleadings.

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on February 27, 2023. Entered on the docket in this action on February 27, 2023.

A copy of said judgment or order is attached hereto.

March 24, 2023
Date

*/s/ Joshua D. Boxer*
Signature

☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

Note: The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

## NINTH CIRCUIT RULE 3-2 REPRESENTATION STATEMENT

Pursuant to Ninth Circuit Rule 3-2 and Fed. R. App. P. 12(b). the following list identifies the parties to the action and the names, addresses, and telephone numbers of their respective counsel:

1. Plaintiff Jose Navarro:

   MATTHEW J. MATERN (SBN 159798)
   JOSHUA D. BOXER (SBN 226712)
   **MATERN LAW GROUP, PC**
   1230 Rosecrans Avenue, Suite 200
   Manhattan Beach, CA 90266
   Telephone: (310) 531-1900
   Facsimile: (310) 531-1901
   mmatern@maternlawgroup.com
   jboxer@maternlawgroup.com

2. Defendant Exxon Mobil Corporation:

   DAWN SESTITO (SBN 214011)
   M. RANDALL OPPENHEIMER (SBN 77649)
   **O'MELVENY & MYERS LLP**
   400 South Hope Street
   Los Angeles, California 90071
   Telephone number: (213) 430-6000
   dsestito@omm.com
   roppenheimer@omm.com

DATED: March 24, 2023              Respectfully submitted,

                                   MATERN LAW GROUP, PC


                              By:  _/s/ Joshua D. Boxer_____

                                   Matthew J. Matern
                                   Joshua D. Boxer
                                   Attorneys for Plaintiff Jose Navarro

Representation Statement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD GOLDSTEIN, et al.,<br>    Plaintiffs,<br><br>         v.<br><br>EXXON MOBIL CORPORATION, et al.,<br>    Defendants. | CV 17-2477 DSF (SKx)<br><br>Order GRANTING Defendant's Motion for Judgment on the Pleadings (Dkt. 294) |

    Defendant Torrance Refining Company, LLC (TORC) moves for judgment on the pleadings as to Plaintiff Jose Navarro's Corrected Third Amended Complaint (CTAC), Dkt. 260, on the grounds that the allegations in the CTAC are stale as a result of the Court's July 5, 2022 Order, Dkt. 285 (Order), do not support Navarro's causes of action under California law, and have been contradicted by admissions in the record. Dkt. 294 (Mot.) at 1. Defendant Exxon Mobil Corporation joins TORC's motion. Dkt. 295. Navarro opposes. Dkt. 297 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. BACKGROUND

    This action arises out of the operations of an oil refinery (Refinery) in Torrance, California formerly operated by ExxonMobil and currently operated by TORC. See generally Dkt. 1-1. On February 18, 2015, an equipment malfunction within the Refinery's Fluid Catalytic Cracking unit allegedly caused flammable hydrocarbons to flow unexpectedly into an electrostatic precipitator unit where they ignited. The resulting over-pressurization allegedly released certain

materials into the air in nearby neighborhoods.  Id. ¶ 5.  On February 17, 2017, Plaintiffs filed this putative class action alleging harms related to that incident and other emissions from the Refinery.  See id.

Since the 2017 filing of this case, numerous procedural issues relating to the amendment of the complaint, class action certification, and designation of a class representative have been before the Court.[1]  Plaintiffs filed the CTAC on August 23, 2021, asserting causes of action for (1) private nuisance, (2) public nuisance, and (3) trespass, with only Navarro as a plaintiff.  CTAC ¶ 39.  Most recently, in its July 5, 2022 Order addressing Plaintiffs' motion to substitute Navarro as class representative, the Court concluded that Plaintiffs could not adequately justify the class treatment of their claim and decertified the Air and Ground Subclasses.  Order at 1-2.  The Court ordered that the action proceed as an individual action with Navarro as the sole plaintiff.  Id. at 48.

## II. LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move to dismiss a suit "[a]fter the pleadings are closed – but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  Stanley v. Trustees of Cal. State Univ., 433 F.3d 1129, 1133 (9th Cir. 2006).  It must appear beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.  Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 529 (9th Cir. 1997).

Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss, the standard for a Rule 12(c) judgment on the pleadings is essentially the same as for a Rule 12(b)(6) motion.  Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  When deciding a Rule 12(c) motion, courts may consider

---

[1] Refer to the Court's July 5, 2022 Order for a detailed summary of the procedural background in this case.  See Order at 1-7.

facts set forth in the pleadings as well as facts contained in materials of which the court may take judicial notice. Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999); see also Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (a Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts"). Allegations by the non-moving party must be accepted as true, and allegations of the moving party that have been denied must be deemed false for the purpose of the motion. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990). However, a court is not required to accept the veracity of "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged," or "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (internal quotation marks and citations omitted) (reviewing ruling under Rule 12(b)(6)).

### III. DISCUSSION

**A.  Judicial Notice**

In support of its motion for judgment on the pleadings, TORC seeks judicial notice of certain materials filed in this case: (1) the Court's July 5, 2022 Order, dkt. 285 (Exhibit A), (2) Plaintiffs' reply in support of the motion to substitute Navarro as class representative, dkt. 266 (Exhibit B), and (3) the reporter's transcript of proceedings on the motion to substitute Navarro as class representative from February 8, 2022, dkt. 280 (Exhibit C). Dkt. 294-2 (Def. RJN). Navarro opposes the request on the ground that TORC has noticed the documents for the truth of their content, but they contain disputed facts. Dkt. 298.

Federal Rule of Evidence 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may "take judicial

notice of matters of public record" but "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001)).

A court may take judicial notice of documents on file in federal or state courts. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012); see Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746, n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings). Certified transcripts from court proceedings are also properly subject to judicial notice as public records and court documents. See Lemoon v. California Forensic Med. Grp., 575 F. Supp. 3d 1212, 1230 (N.D. Cal. 2021). However, "[i]t is improper to judicially notice a transcript when the substance of the transcript "is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes." Khoja, 899 F.3d at 1000. "Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." Id. at 999.

TORC asserts that Exhibit A is relevant because "it has the legal effect of decertifying the class and converting this case into an individual action," "provides a procedural history and summary of the case to date," and "describes the allegations and theories represented by Plaintiff as forming the basis for his claims." Def. RJN at 1. It contends that Exhibit B is relevant to its motion because it "contains representations and concessions clarifying and narrowing Navarro's factual and legal allegations in support of his claims at issue in the operative complaint." Id. Finally, TORC contends that Exhibit C is relevant to the procedural history of the case because at the hearing on Plaintiffs' motion, "the Court sought clarification of the legal issues in the action, which the Court considered in its rulings in the Order decertifying the class." Id. at 1-2.

The Court takes judicial notice of the legal effect of the Court's July 5, 2022 Order (Exhibit A), but does not take judicial notice of reasonably disputed facts. TORC references Exhibit C only once it its

4

motion, stating that "[a]t the February 8, 2022 hearing . . . the Court considered the parties' arguments and ordered the submission of proposed orders by Navarro and Defendants to facilitate the Court's ruling on the motion and invited the parties to clarify issues related to class certification." Mot. at 6. The Court takes judicial notice of the fact that the hearing occurred but declines to take notice of disputed facts stated in the public record. See Lee, 250 F.3d at 689-90. The Court also declines to take judicial notice of Plaintiffs' reply brief (Exhibit B). "The purpose of the judicial notice rules is to allow the court or jury to consider a matter as to which there can be no reasonable dispute." Rollins v. Dignity Health, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018). Plaintiffs' reply brief does not qualify for judicial notice under Rule 201(b).

Additionally, the Court may consider certain statements made by parties as judicial admissions. "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." Am. Title. Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988) (citation omitted). "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." Id. "[S]tatements of fact contained in a brief may [also] be considered admissions of the party in the discretion of the district court." Id. at 227; see also Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997). To qualify as a judicial admission, the admission must be "deliberate, clear, and unequivocal." See Heritage Bank v. Redcom Lab'ys, Inc., 250 F.3d 319, 329 (5th Cir. 2001).

B.    Private & Public Nuisance Claims

TORC argues that it is entitled to judgment as a matter of law with respect to Navarro's private and public nuisance claims because Navarro represented to the Court that his claims are based on an alleged future increased health risk rather than an actual injury or interference with the use of his property as required to prove a nuisance claim. Mot. at 8 (citing Def. RJN, Ex. B). It also contends

that "Navarro's focus on an alleged future increased health risk as the sole basis for his nuisance claim calls into question whether Navarro has suffered an injury in fact for purposes of Article III standing." Id. at 10. Navarro argues that the CTAC alleges facts sufficient to "color a claim for private nuisance." Opp'n at 5. He asserts that he alleged contamination of his property by TORC that is injurious to health, id. (citing CTAC ¶¶ 13, 24, 25, 55), and that "[t]he increased health risk resulting from his exposure to toxins is a cognizable nuisance because it impairs his ability to freely use his property without increasing his risk of health problems." Id.

A private nuisance is anything "which is injurious to health . . . or is indecent or offensive to the senses, or an obstruction to the free use of property, *so as to interfere with the comfortable enjoyment of life or property* . . . ." Cal. Civ. Code § 3479 (emphasis added). Liability for private nuisance requires proof "that the invasion of the plaintiff's interest in the use and enjoyment of the land was substantial, i.e., that it caused the plaintiff to suffer 'substantial actual damage,'" and that "[t]he interference with the protected interest [is] . . . unreasonable . . . i.e., it must be 'of such a nature, duration or amount to constitute unreasonable interference with use and enjoyment of the land.'" San Diego Gas & Elec. Co. v. Superior Ct., 13 Cal.4th 893, 938 (1996); see Martinez v. Welk Grp. Inc., 907 F. Supp. 2d 1123, 1134 (S.D. Cal. 2012) (substantial and unreasonable disturbance of rights in land required for private nuisance). A public nuisance is "one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." Cal. Civ. Code § 3480. "A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise." Cal. Civ. Code § 3493.

With respect to his private nuisance claim, Navarro alleges that he owned, leased, occupied, or controlled property near the Refinery, and had the inalienable right to own, enjoy, and use the property without interference. CTAC ¶ 30. He alleges that TORC's failure to exercise care in maintaining the refinery created harmful conditions

that interfered with his free use and enjoyment of his land. Id. ¶ 32. He has suffered the loss of the use and enjoyment of his property in the form of damage to buildings and personal property, and exposure to an array of toxic substances on the land, and a lingering malicious odor, noise, soot, ash, and dust in the air. Id. He alleges that an ordinary person of reasonable sensibilities would be reasonably annoyed or disturbed by the conditions TORC created. Id. ¶ 33. Navarro alleges that TORC's conduct "constitutes a nuisance within the meaning of section 3479 of the Civil Code in that it is injurious and/or offensive to the sense of [Navarro] and/or the unreasonably interferes with the conformable [sic] enjoyment of its [sic] property and/or unlawfully obstructs the free use, in the customary manner, of [Navarro's] property. Id. ¶ 35.

Navarro's public nuisance claim alleges that TORC created a condition that harmed the public and interfered with the public's free use and enjoyment of public land. Id. ¶ 39. He alleges that he and numerous residents "have suffered the loss of the use and enjoyment of their properties, in the form of damage to buildings and personal property, and/or exposure to an array of toxic substances on the land, and/or a lingering malicious odor, noise, soot, ash, and dust in the air." Id. The CTAC alleges that an ordinary person would be reasonably annoyed by the conditions TORC created, the conditions affected a substantial number of people at the same time, and Navarro did not consent to TORC's conduct. Id. ¶¶ 40-41, 43.

Plaintiffs' reply brief in support of their motion to substitute Navarro as class representative stated:

> Messrs. Navarro and Youssef's perception of odor and noises from the Refinery, consistent or not, do not alter the underlying nuisance claims, which are based on health risks associated with properties in defined geographic areas. . . . Accordingly, the expert declaration Plaintiff submitted in support of class certification in 2019, and Plaintiff's Rule 26 expert disclosures, submitted in January 2021, detail the toxic chemicals blanketing the community – not odors, noises, or lights. Dkt. No. 191-2

7

> (Clark Decl.) ¶ 12–13; Tides Decl. Ex. A (Clark Report) at 4–5. The basis for the Air Class claims is not new—and is not changed by Mr. Navarro's testimony.

Dkt. 266 (Pls. Reply). The Court considers these statements as judicial admissions that Navarro abandoned his nuisance claims premised on noise, odor, soot, ash, or dust interfering with the use of his property. His nuisance claims are based on the health risks associated with the exposure to toxic substances.

"A plaintiff threatened with future injury has standing to sue if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." McGee v. S-L Snacks Nat'l, 982 F.3d 700, 709 (9th Cir. 2020) (internal quotation marks and citation omitted). And "a credible threat of future harm is sufficient to establish an injury in fact." Id. Although, a substantially increased risk of developing cancer and other illnesses can be an injury resulting from a public or private nuisance, see Birke v. Oakwood Worldwide, 169 Cal. App. 4th 1540, 1549 (2009) (noting that members of the community allegedly suffered from a substantially increased risk of developing heart disease and lung cancer as a result of secondhand tobacco smoke), Navarro's nuisance claims do not plausibly allege an immediate or future health injury. See CTAC ¶¶ 29-37. Because it is possible that Navarro may amend the claims to allege the additional required details, the motion is granted with leave to amend.

### C. Public Nuisance Claim

TORC argues that Navarro's public nuisance claim also fails because he has not alleged that he suffered an injury that is different in kind from the rest of the public. Mot. at 11. It contends that the sole basis for the public nuisance claim is the same purported future health risk alleged in support of Navarro's private nuisance claim. Id. at 12. Navarro argues that TORC's argument fails for two reasons: 1) where a plaintiff alleges a private nuisance, a claim for public nuisance need not include allegations of a special injury that is different in kind from that suffered by the general public, and 2) where a private plaintiff is

8

required to conduct air and soil sampling of their property, testing costs are sufficient to constitute a special injury under section 3493 to maintain a claim for public nuisance. Opp'n at 12.

In order to bring a public nuisance claim, an individual plaintiff must "allege facts showing special injury to himself in person or property of a character different in kind from that suffered by the general public." Venuto v. Owens-Corning Fiberglas Corp., 22 Cal. App. 3d 116, 125-28 (1971). However, where "the nuisance is a private as well as a public one, there is no requirement that the plaintiff suffer damage different in kind from that suffered by the general public and he 'does not lose his rights as a landowner merely because others suffer damage of the same kind, or even of the same degree[.]" Id.; see also Kahn v. Price, 69 Cal. App. 5th 223, 237 n.14 (2021); Birke v. Oakwood Worldwide, 169 Cal. App. 4th 1540, 1550 (2009) ("[T]o to the extent Venuto . . . can be read as precluding an action to abate a public nuisance by a private individual who has suffered personal injuries as a result of the challenged condition, we believe it is an incorrect statement of the law. . . . [T]he Restatement Second of Torts recognizes, 'When the public nuisance causes personal injury to the plaintiff or physical harm to his land or chattels, the harm is normally different in kind from that suffered by other members of the public and the tort action may be maintained.'"). Navarro's public nuisance claim need not allege a harm different in kind from that suffered by the general public.

### D. Trespass Claim

TORC argues that Defendants are entitled to judgment as a matter of law as to what remains of Navarro's trespass claim because soil vapor intrusion is not an actionable trespass under California law. Mot. at 12. It asserts that Navarro cannot prove his trespass claim because he cannot show that vapor intrusion constitutes an actual, physical interference with his exclusive possession of his property. Id. TORC contends that California courts consider intangible interferences with possession of property under the framework of nuisance, not trespass. Id. Navarro argues that TORC "overlooks the myriad decisions in California and other jurisdictions imposing liability for

9

trespass based on facts nearly identical to the invasions at issue here – invasions by harmful chemical vapors." Opp'n at 13.

Navarro alleges that Defendants were "engaged in an extra hazardous activity and/or intentionally, recklessly, and/or negligently caused an array of toxic substances, a lingering malicious odor, noise, soot, ash, and/or dust to enter Plaintiff's property." CTAC ¶ 46. Navarro did not give permission for the entry and was harmed by Defendants' conduct as he "suffered the loss of the use and enjoyment of their properties, in the form of damage to buildings and personal property, and/or exposure to an array of toxic substances on the land, and/or a lingering malicious odor, noise, soot, ash, and dust in the air." Id. ¶ 48. The CTAC alleges that "[a]n ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the conditions created." Id. ¶ 49. Plaintiffs' reply brief in support of their motion to appoint Navarro as class representative stated that the trespass claim "is premised on evidence that subsurface contamination from the Refinery poses a vapor intrusion risk to the structures in the class area." Pls. Reply at 2. The Court considers this statement a judicial admission.

Unlike nuisance, which includes an interference with use and enjoyment of property, a trespass requires "an unlawful interference with possession of property" that proximately causes actual damage or harm to each plaintiff. Mangini v. Aerojet-General Corp., 230 Cal. App. 3d 1125, 1141 (1991) (simplified). "All intangible intrusions, such as noise, odor, or light alone, are dealt with as nuisance cases, not trespass." Wilson v. Interlake Steel Co., 32 Cal.3d 229, 233 (1982). "Recovery allowed in . . . trespass actions predicated upon noise, gas emissions, or vibration intrusions has, in each instance, been predicted upon the deposit of particulate matter upon the plaintiffs' property or on actual physical damage thereto." Id. at 232 (citations omitted). "Succinctly stated, the rule is that actionable trespass may not be predicated upon nondamaging noise, odor, or light intrusion; moreover, liability for trespass will not be imposed unless the trespass was intentional, the result of recklessness, negligence, or the result of an extra hazardous activity." Id. at 233.

10

In San Diego Gas & Electric Co. v. Superior Court, 13 Cal.4th 893, 937 (1996), the California Supreme Court explained that "electric and magnetic fields arising from powerlines are wholly intangible phenomena within the meaning of Wilson" and "unlike noise, odors, or light, they cannot be directly perceived by the senses." The court found that plaintiff did not allege that the electromagnetic fields at issue caused any physical damage to their property and could not make such an allegation "given the low frequency and consequent low energy of such fields." Id. "Together, Wilson and San Diego Gas suggest that imperceptible substances must either (1) deposit particulate matter upon the plaintiffs' property or (2) cause actual physical damage thereto to constitute a trespass." Palmisano v. Olin Corp., No. C-03-01607 RMW, 2005 WL 6777560, at *12 (N.D. Cal. June 24, 2005).

The Court agrees with TORC that Navarro's allegations of soil vapor intrusion do not support a trespass claim. Navarro argues that trespass-pollution cases have recognized that migration of pollutants can constitute trespass absent evidence of any physical damage to property. Opp'n at 14. However, the cases he cites do not support that proposition. In Coppola, the court noted that "the failure to clean up contamination that *causes ongoing damage to property* can constitute a continuing nuisance and a continuing trespass." 935 F. Supp. 2d at 1020 (emphasis added). Neither Coppola nor Martin Marietta Corp. states that the migration of pollutants can constitute trespass without evidence of physical damage to property. And in Palmisano, plaintiffs argued that perchlorate was a particulate matter deposited into their groundwater, but the court did not conclude that it was in fact a particulate matter. 2005 WL 6777560, at *13. Rather, the court found that plaintiffs' argument failed because plaintiffs did not own the groundwater. Id.

Navarro does not allege that soil vapor intrusion constituted the deposit of particulate matter on his property nor does he allege that it has caused physical property damage. Navarro cannot plausibly make these allegations. Chemical vapors like benzene may be measurable but they are intangible substances, not particulate matter. Navarro also argues that the soil vapors under his home will linger on and

present a real threat to his physical and mental health. Opp'n at 15. He asserts that the toxins in his soil significantly increase the risk of cancer for years to come. Id. But Navarro is not alleging physical property damage. Soil vapor intrusions into structures on real property cannot establish the physical property damage required for trespass by an intangible substance. The Court grants TORC's motion and dismisses Navarro's trespass claim with prejudice.

## IV. CONCLUSION

For the foregoing reasons, TORC's motion for judgment on the pleadings is GRANTED. The Court DISMISSES Navarro's trespass claim with prejudice. Navarro is granted leave to amend his nuisance claims in conformity with this Order if he can do so consistent with Rule 11 of the Federal Rules of Civil Procedure. An amended complaint may be filed and served no later than March 25, 2023. Failure to file an amended complaint by that date will waive Plaintiff's right to do so and the complaint will be dismissed with prejudice. Navarro must provide a redlined version of the amended complaint to the Court's generic chambers email.

IT IS SO ORDERED.

Date: February 27, 2023

Dale S. Fischer
United States District Judge